**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION**

**WILLIE B. SMITH,**

**Plaintiff,**

**vs.** **Case No. 4:11cv573-RH/CAS**

**GADSDEN COUNTY SHERIFFS OFFICE,**

**Defendant.**

**____________________________________/**

**REPORT AND RECOMMENDATION**

Defendant's motion to set aside the default was granted on April 9, 2012. Doc. 19. The pro se Plaintiff was given additional time in which to carry out service of process, and was required to do so by April 27, 2012. Docs. 19, 22. Plaintiff filed a notice of proof of service on the deadline. Doc. 24.

Thereafter, Defendant filed a notice of appearance, doc. 23, and a motion to dismiss. Doc. 25. Plaintiff was directed to file a response to the motion, doc. 26, and he filed an initial response, doc. 29, and then an amended response, doc. 30. Plaintiff also has filed another motion for default judgment. Doc. 33.

Defendant had responded to the complaint and a motion to dismiss was filed before Plaintiff's successive default motion. Plaintiff's motion, doc. 33, is denied as frivolous.

Defendant's motion to dismiss asserts that this case should be dismissed because Plaintiff has sued the Gadsden County Sheriff's Office which is not a legal entity subject to suit. Doc. 25. In response, Plaintiff states that when he initiated this action and filed the complaint on November 4, 2011, he did not "name the Sheriff's Office's as the accused" but intended it to be listed as the "accused place of employment." Doc. 30. Plaintiff contends that it was the Court that issued the "subpoena to the agency rather than individuals." *Id.* Plaintiff contends that because the E.E.O.C. issued a right to sue letter on August 15, 2011, this case should be continued and the motion to dismiss should be denied. *Id.*

Defendant is correct that the Gadsden County Sheriff's Office is not a proper Defendant because a "sheriff's office is not a legal entity subject to suit." Doc. 25, at 2. Defendant cites to Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992), a § 1983 civil rights action brought by a former pretrial detainee, who had been attacked and injured in county jail by another detainee. The court found that "Sheriff's departments and police departments are not usually considered legal entities subject to suit." *Id.*, at 1214. The Sheriff's Office is not an entity that may be sued under Florida law and, thus, the motion to dismiss should be granted in part, and the claims against it dismissed.

However, although there is no such legal entity in Florida as the "Gadsden County Sheriff's Office," there are constitutionally created political subdivisions called "counties" and separately created constitutional officers, including a sheriff. FLA. CONST. art. VIII, §§ 1(a) and (d). *See* Bethel v. Escambia Cnty. Sheriff's Office, 2006 WL 3709621 (N.D. Fla. 2006) (citing Hobbs v. Holmes Cnty. Sheriff's Dep't, No. 5:04cv82/RH, Doc. 10 at 3 (N.D. Fla. July 14, 2004) (concluding that the Holmes County

Sheriff's Department is not a suable entity); Turner v. Bieluch, No. 9:03cv81059, Doc. 12 (S.D. Fla. 2004) (finding that Palm Beach County Sheriff's Office lacks capacity to be sued). For claims against a sheriff's department, the appropriate defendant is the Sheriff in his official capacity. Hobbs, No. 5:04cv82/RH, Doc. 10 at 3 ("For claims against the [Holmes County] Sheriff's Department, the appropriate defendant is the Sheriff, Dennis Lee, in his official capacity."); Oates v. Jackson County Sheriff's Office, 2010 WL 785657, at *2 (N.D. Fla. 2010) (granting motion to dismiss the Sheriff's Office in a Title VII employment discrimination case). In a Title VII case, employees are not liable in their individual capacities, as "[t]he relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the act." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991).

In Plaintiff's initial complaint he listed only the Gadsden County Sheriff's Office as the Defendant, and listed no other persons in Section I of the complaint. Doc. 1.[1] However, in Plaintiff's in forma pauperis motion, doc. 2, Plaintiff named a total of four persons as Defendants in this case, including the Sheriff. Doc. 2, at 2. Considering that Plaintiff is pro se in this action, and because it appears that Plaintiff incorrectly identified the legal entity he believes to be subject to suit in one of the case initiating documents, dismissal of the entire case at this time, based upon an apparent misnomer, would be unjust. That is particularly so when the proper Defendant has likely received notice of Plaintiff's suit and the E.E.O.C. proceedings are long ago concluded such that Plaintiff would be time barred if the case were dismissed solely for failure to name the proper

[1] See doc. 31 (copy of the complaint) and doc. 32 (copy of the in forma pauperis motion) which Plaintiff intended to be an attachment to his amended response, doc. 30.

Defendant.  Therefore, while the motion to dismiss should be granted, Plaintiff will be provided leave to amend his complaint within fifteen days of the date of the Order which adopts this Report and Recommendation to substitute the Sheriff in his official capacity as the proper Defendant in this case.

Prior to the instant motion to dismiss, doc. 25, Defendant had filed a supplemental motion to dismiss the complaint, doc. 18.  No ruling has yet been entered on that motion.  That motion raised the same argument as was presented in the second motion, that the Sheriff's Office is not a legal entity subject to suit, but also argued that service of process was not perfected.  The service issue has now been corrected and the Sheriff's Office has been dismissed.  This motion should be denied.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's supplemental motion to dismiss, doc. 18, be **DENIED**, that Defendant's motion to dismiss, doc. 25, be **GRANTED in part**, but otherwise **DENIED**, and that Plaintiff's complaint, doc. 1, be **DISMISSED** as against the Gadsden County Sheriff's Office, but Plaintiff provided with a fifteen day period in which to file an amended complaint which properly names the Sheriff as the sole Defendant in his official capacity only, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 29, 2012.

                         S/    Charles A. Stampelos
                         **CHARLES A. STAMPELOS**
                         **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**